NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY RAY HARDAWAY,<br><br>   Plaintiff,<br><br> vs.<br><br>THOMAS J. BARNI, et al.,<br><br>   Defendants. | No. C 06-3637 JF (PR)<br><br>ORDER OF DISMISSAL; DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT; NO FILING FEE IS DUE<br><br>(Docket No. 5) |

  Plaintiff, a state prisoner proceeding pro se and frequent litigant in this Court, filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging claims of his wrongful conviction, detention, arrest, and imprisonment against Defendants Alameda County Deputy District Attorneys, Judge and Sheriff. Plaintiff seeks compensatory and punitive relief in the form of monetary damages. Plaintiff also seeks leave to proceed in forma pauperis.[1] The Court concludes that Plaintiff's complaint is not cognizable under

---

[1] The Court notes that Plaintiff has had three or more prior prisoner actions dismissed by the Court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. See, e.g., Hardaway v. Beaupre, et al., C 00-4603 CAL (dismissed March 7, 2001); Hardaway v. Vens, C 00-3653 CAL (dismissed November 28, 2000); Hardaway v. Madigan, C 98-1989 FMS (dismissed May 19, 1998); Hardaway v. Prenate, et al., C 97-451 FMS (dismissed February 12, 1997); Hardaway v. Department of Corrections, C 97-311 FMS (dismissed February 5, 1997); Hardaway v.

§ 1983 and will DISMISS the complaint without prejudice. Plaintiff's motion to proceed in forma pauperis (docket no. 5) will be DENIED as moot.

## DISCUSSION

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't. 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges that Defendants conspired together resulting in his wrongful conviction, detention, arrest, and imprisonment. However, Plaintiff's claims are not cognizable because these claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Heck held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. When a prisoner seeks damages in a civil rights action, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed

---

Board of Prison Terms, C 91-658 CAL (dismissed March 27, 1991). Because Plaintiff has had three or more summary dismissals and does not allege in the instant action that he is under imminent danger of serious physical injury, he may not proceed in forma pauperis. However, the Court dismisses the instant complaint on the merits.

Order of Dismissal
P:pro-se\sj.jf\cr.06\Hardaway637dis           2

1 unless the plaintiff can demonstrate that the conviction or sentence has already been
2 invalidated.  <u>Heck</u>, 512 U.S. at 487.  Here, a decision in favor of Plaintiff would imply the
3 invalidity of his conviction as he alleges that the prosecutors, sheriff, and judge conspired
4 against him resulting in his wrongful conviction, detention, arrest, and imprisonment.
5 <u>Heck</u> therefore bars Plaintiff's claims for damages against the Defendants.  Accordingly,
6 the complaint is dismissed without prejudice to Plaintiff filing a new complaint if his
7 underlying state criminal conviction is later invalidated.

**CONCLUSION**

The Court concludes that Plaintiff's claim is not cognizable under § 1983.  The instant  complaint is DISMISSED without prejudice.  Plaintiff's motion to proceed in forma pauperis (docket no. 5) is DENIED as moot.  No filing fee is due.  The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 12/11/06

_____
JEREMY FOGEL
United States District Judge

A copy of this ruling was mailed to the following:

Sonny Ray Hardaway
P-45579
Kern Valley State Prison
P.O. Box 5102
Delano, CA  93216